**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

-v-                                           04-10079-01-T

**JEREMIAH GLYNN SANFORD**

Diane Smothers, FPD
Defense Attorney
109 South Highland, Ste. B-8
Jackson, TN 38301

---

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1, 2 and 3 of the Indictment on January 28, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g) | Convicted Felon in Possession of a Firearm | 01/28/2004 | 1 |
| 26 U.S.C. §§ 5822, 5861(c), and 5871 | Possession of a Firearm with a Barrel of Less Than 18-inches in Length and with an Overall Length of Less than 26-inches | 01/28/2004 | 2 |
| 26 U.S.C. §§ 5841, 5861(d), and 5871 | Possession of a Firearm with a Barrel Length Less Than 26-inches Not Registered to the Defendant in the National Firearms Registration and Transfer Record | 01/28/2004 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 05/11/1976
Deft's U.S. Marshal No.: 19927-076

Date of Imposition of Sentence:
May 05, 2005

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  05-26-05



Defendant's Mailing Address:
80 HAMLETT RD
HURON, TN 38345

/s/ James D. Todd
JAMES D. TODD
CHIEF UNITED STATES DISTRICT JUDGE

May 20, 2005

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **92 Months on each of Counts 1, 2 and 3 of the Indictment, to run concurrently with each other and concurrently with that period of imprisonment remaining in Henderson County Circuit Court Case No. 04-060.**

The Court recommends to the Bureau of Prisons: Defendant be given a psychological/mental evaluation by the Bureau of Prisons upon beginning of defendant's custodial sentence. Such evaluation will concern defendant's multiple mental/emotional impairments and how the defendant is to be housed by the Bureau of Prisons and what services he will require.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to each of Counts 1, 2 and 3 of the Indictment, concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.  The defendant shall participate as directed in a program of testing and treatment for drug and alcohol abuse as directed by the Probation Officer until such time as the defendant is released from the program by the probation officer.

2.  The defendant shall participate in a program of mental health treatment as directed by the Probation Officer until such time as the defendant is released from that program by the probation officer.

3.  The defendant shall cooperate with the United States Probation Office in the collection of DNA.

4.  The defendant shall be given a psychological/mental evaluation by the Bureau of Prisons upon beginning his custodial sentence to determine how the defendant is to be housed by the Bureau of Prisons and what services he will require.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 | | |

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No Restitution was ordered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 1:04-CR-10079 was distributed by fax, mail, or direct printing on May 26, 2005 to the parties listed.

---

M. Dianne Smothers
FEDERAL PUBLIC DEFENDER
109 S. Highland Ave.
Ste. B-8
Jackson, TN 38301

James W. Powell
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT